UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | PLAINTIFF |
| | § | |
| VS. | § | CAUSE NO. 1:10cv70-LG-RHW |
| | § | |
| WORLDWIDE LABOR SUPPORT OF | § | |
| ILLINOIS, INC. | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

BEFORE THE COURT is Defendant Worldwide Labor Support of Illinois, Inc.'s [3] Motion to Dismiss. The Government sued Worldwide Illinois to enforce a judgment the Internal Revenue Service obtained against Worldwide Illinois's predecessor corporation. Worldwide Illinois argues that the statute of limitations has expired. The Court has considered the parties' submissions and the relevant legal authority. The motion is denied.

## FACTS AND PROCEDURAL HISTORY

On March 1, 2010, the Government filed a Complaint, alleging that Worldwide Illinois is the successor corporation to, and a continuance of, Worldwide Labor Support of Mississippi, Inc. It was, and Worldwide Illinois is, a Mississippi corporation in Pascagoula, Mississippi, "in the business of providing, on a temporary basis, skilled labor to industrial or commercial businesses." (Compl. at 2 (¶6)). According to the Complaint, this Court entered a judgment on March 31, 2003, ruling that Worldwide Mississippi owed the IRS unpaid 1995 employment taxes. This Judgment was in fact entered in the Jackson Division, in the amount of $3,158,364.82, plus interest and statutory additions.

*Worldwide Labor Support of Miss., Inc. v. United States*, 3:00-cv-170-WHB at Dkt. 46 (S.D. Miss. Mar. 31, 2003) (Barbour, J.). The Government seeks to enforce this judgment against Worldwide Illinois, alleging that it is liable as the successor corporation.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the Government must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Worldwide Illinois argues that this action is barred by the ten year statute of limitations found in 26 U.S.C. § 6502(a). The Government responds that no statute of limitations applies because this is an action to collect a judgment.

Section 6502(a)(1) provides that when a tax has been timely assessed, "such tax

may be collected by levy or by a proceeding in court, but only if . . . begun–(1) within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). "Assessment" is the Treasury's "calculation or recording of a tax liability." *United States v. Galletti*, 541 U.S. 114, 122 (2004). This limitations is satisfied where the Government institutes a personal judgment action against the taxpayer within ten years of the assessment. *Moyer v. Mathas*, 458 F.2d 431, 433 (5th Cir. 1972). The limitations period is inapplicable to a suit against a third party in aid of collecting a judgment obtained against a taxpayer. *Hall v. United States*, 403 F.2d 344, 346 (5th Cir. 1968), *cert. denied*, 394 U.S. 958 (1969).

For example, in *Hall*, the United States had timely assessed and proceeded in court to determine tax liability against Mr. and Mrs. Hall, two taxpayers. *Id.* at 345. The United States obtained a judgment against them. *Id.* Over six years after the tax assessment, the Government sued alleged transferees of the Halls' property. *Id.* At the time, Section 6502 contained a six year statute of limitations. *Id.* The court noted that the lawsuit was "not to collect a tax as such but against a third person to collect a judgment against a taxpayer-transferor." *Id.* at 347. The Court distinguished cases where no action was ever brought against the taxpayer, but rather the transferee was sued in the first instance to determine tax liability. *Id.* at 346. The court held that Section 6502 applies to such an action against a transferee to collect a tax. *Id.* "Here, the United States has judgments against the taxpayers-transferors; its suit against the appellant-transferees was ancillary and is limited to collecting the judgments, once they were obtained." *Id.* In such an action, Section 6502 does not apply. *Id.*

3

Likewise, in the instant case, the Government timely assessed a tax liability against taxpayer Worldwide Mississippi. The Government proceeded in this Court against the taxpayer and won a judgment. The Government has now filed an action to enforce that judgment against alleged transferee Worldwide Illinois. As in *Hall*, Section 6502 is inapplicable to the latest action, because it is against an alleged transferee in aid of collecting a judgment already obtained against the taxpayer.

Furthermore, what *Hall* and *Moyer* make clear is that Section 6502 is satisfied when the Government initiates a tax liability action against the taxpayer within ten years of the assessment. Here, the tax was allegedly timely assessed against Worldwide Mississippi in 1998. The Government had until 2008 in which to institute an action in court to determine the tax liability. The Government initiated the liability action against Worldwide Mississippi in 2000. Thus, Section 6502 was satisfied.

Because the Government timely instituted a tax collection action against Worldwide Mississippi and obtained a judgment, Section 6502 does not bar this action against Worldwide Illinois to collect on that judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above Defendant Worldwide Labor Support of Illinois, Inc.'s [3] Motion to Dismiss should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 18th day of January, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE